UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA
    Plaintiff,

v.

APPEARANCE BOND:
CASE NO.: 00-6311-CR-Huck

Defendant,
Larry Crenshaw /

I, the undersigned defendant and I or we, the undersigned sureties jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay to the United States of America, the sum of $ 50,000 CSB.

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

    1. Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

    2. May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: **Monroe, Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.**

    3. May not change his or her present address as recorded on this bond without prior permission in writing from the court. The defendant's present address is:
Park Grove Apartments, 1595 NE 135th St. Apt. 207
North Miami, FL 33161

    4. Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

    5. Shall not commit any act in violation of state or federal laws

DISTRIBUTION: Defendant, Assistant U.S. Attorney, Counsel, Marshal, Pretrial Services

DEFENDANT: Larry Crenshaw  CASE NO: 00-6311-CR-Huck

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with those special conditions checked below:

✓ a. Surrender all passports and travel documents to the Pretrial Services Office of the Court.
✓ b. Report to Pretrial Services as follows: 2 x's per week in person and 2 x's per week by phone
___ c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
✓ d. Maintain or actively seek full-time gainful employment.
___ e. Maintain or begin an educational program.
___ f. Avoid all contact with victims of or witnesses to the crimes charged.
___ g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___ h. Comply with the following curfew:_____
✓ i. No co-signatories may sell, mortgage, hypothecate or dispose of real property during pendency of this case.
✓ j. Comply with the following additional conditions of this bond: permitted to travel to his residence in Virginia and his daughters residence in NY upon notification to pretrial services.

### PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. 401 which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was release in connection with a charge of, or while awaiting sentence, surrender for the service of sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by applicable laws of the United States.

notification to pretrial services.

COPY FOR COURT

**RANGER INSURANCE**
P.O. BOX 2807
HOUSTON, TEXAS 77252-2807

# FEDERAL POWER OF ATTORNEY

POWER NO. **RF100-11296482**

POWER AMOUNT $**100,000**

KNOW ALL MEN BY THESE PRESENTS that The Ranger Insurance Company, a corporation duly organized and existing under the laws of the State of Delaware and by the authority of the resolution adopted by the Board of Directors at a meeting duly called and held on December 19, 1995, which said Resolution has not been amended or rescinded, does constitute and appoint and by these presents does make, constitute and appoint the named agent its true and lawful Attorney-in-Fact for it and in its name, place and stead, to execute, seal and deliver for and on its behalf and as its act and deed, as surety, a bail bond only. Authority of such Attorney-in-Fact is limited to appearance bonds and cannot be construed to guarantee defendant's future lawful conduct, adherence to travel limitation, fines, restitution, payments or penalties, or any other condition imposed by a court not specifically related to court appearance.

This power of Attorney is for use with Bail Bonds only. Not valid if used in connection with Federal Immigration Bonds. This power void if altered or erased, void if used with other powers of this company or in combination with powers from any other surety company, void if used to furnish bail in excess of the stated face amount of this power, and can only be used once.

The obligation of the company shall not exceed the sum of **!!!ONE HUNDRED THOUSAND DOLLARS!!!** and provided this Power-of-Attorney is filed with the bond and retained as a part of the court records. The said Attorney-in-Fact is hereby authorized to insert in this Power-of-Attorney the name of the person on whose behalf this bond was given.

IN WITNESS WHEREOF, THE RANGER INSURANCE COMPANY has caused these presents to be signed by its duly authorized officer, proper for the purpose and its corporate seal to be hereunto affixed this __6__ day of __Nov__ month __2000__ year.

Bond Amount $ __50,000.__
Defendant __Larry Crenshaw__
Charges __Consp. money laundering, Money laundering__
Court __US Southern District__
Case No. __00-6311-CR-HUCK__
City __Miami__ State __Fl.__
If rewrite, original No. _____
Executing Agent __Jasmeen A. Abdullah__
NAME

By _____
John D.C. Harrelson
Vice President

VOID IF NOT ISSUED BY: 01/01/2001

**FOR FEDERAL USE ONLY**
**NOT VALID IF USED IN STATE COURT**

[RANGER INSURANCE CORPORATE SEAL 1923 DELAWARE]

S-0035 REV (5/99)

DEFENDANT: Larry Crenshaw   CASE NO. 00-6311-CR-Huck

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgement may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of three (3) pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this 6th day of November, 2000, at Miami, Florida.
Signed and acknowledged before me:   DEFENDANT: (Signature) X Larry W Crenshaw
WITNESS: _____   ADDRESS: 1595 NE 135th Street, Apt 207
ADDRESS: _____   N. Miami, FL   ZIP 33161
_____ ZIP _____   TELEPHONE: 305-891-6087

### CORPORATE SURETY

Signed this 6 day of Nov, 2000, at Miami, Florida.
SURETY: A-1 Magic Bonding   AGENT: (Signature) Sabreen A. Abdullah
ADDRESS: 7025 N.W. 41st   PRINT NAME: SABREEN A. ABDULLAH
Miami, FL.   ZIP 33166   TELEPHONE: 305-477-8001

### INDIVIDUAL SURETIES

Signed this ___ day of _____, 200__, at _____
SURETY: (Signature) _____   SURETY: (Signature) _____
PRINT NAME: _____   PRINT NAME: _____
RELATIONSHIP   RELATIONSHIP
  TO DEFENDANT: _____     TO DEFENDANT: _____
ADDRESS: _____   ADDRESS: _____
_____ ZIP _____   _____ ZIP _____
TELEPHONE: _____   TELEPHONE: _____

### APPROVAL BY COURT

Date: 11-16-00

_____
UNITED STATES MAGISTRATE JUDGE
BARRY L. GARBER

DISTRIBUTION: Defendant, Assistant U.S. Attorney, Counsel, Marshal, Pretrial Services