UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. ~~99-6792-CIV-HUCK~~
00CR6311

FILED BY_____D.C
01 MAR 26 PM 2:05
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FL - MIAMI

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CLARENCE LARK, et al.

    Defendant.
_____/

### UNITED STATES' RESPONSE IN OPPOSITION TO LARRY CRENSHAW'S[1] EMERGENCY PETITION FOR TEMPORARY RETURN OF SEIZED ASSETS

The United States files this response in opposition to defendant Larry Crenshaw's emergency petition for temporary return of seized assets. In support the United States submits that:

1.    The vehicles subject of the petition were properly and legally seized pursuant to the seizure warrants issued on November 7, 2000, by United States Magistrate Judge Barry L. Garber, after finding that probable cause existed to believe they were proceeds traceable to narcotics proceeds, subject to forfeiture under 21 U.S.C. §853, and that the issuance of a protective order would be insufficient to protect the property during the pendency of the criminal case. See seizure

---

[1] Aside from Larry Crenshaw, the petition is filed on behalf of two-third parties(non-defendants) Joyce Lark (wife of defendant Clarence Lark) and Star Choice, Inc., a Florida corporation of which Larry Crenshaw and Joyce Lark are shareholders.. Third parties, such as Joyce Lark and Star Choice, have no right to intervene or object to forfeiture matters in a criminal case until after conviction. See 21 U.S.C. §853(K) and 18 U.S.C. §1963(i); United States v. Messino, 122 F.3d 427 (7th Cir. 1997) (under section 853(K) and (n), third parties must wait until the Court has entered a preliminary order of forfeiture to challenge the forfeiture action). Additionally, third parties cannot seek return of property seized for criminal forfeiture. See United States v. Patel, 1996 WL166949 (N.D.Ill. 1996)

warrants attached to Crenshaw's petition. Obviously, the United States already satisfied all the aforementioned requirements prior to obtaining the seizure warrants.

2.   The United States was and is concerned that without a seizure of the vehicles, their value will depreciate due to wear and tear incurred by their regular operation.

3.   This is not a case where the United States intends to hold the property with a criminal seizure warrant forever without obtaining an indictment as in <u>United States v. Numisgroup Intl. Corp.</u>, 128 F.Supp.2d 136 (E.D.N.Y., Dec. 13, 2000)(property seized with Rule 41 warrant that has no evidentiary value must be returned to defendant unless government includes property in criminal forfeiture allegations within a reasonable time). Here, the United States has in fact, obtained an indictment which specifically lists and seeks the forfeiture of all the seized vehicles. See forfeiture section of indictment.

4.   Defendant Larry Crenshaw's petition fails to comply with Local Rule 7.1 A as it lacks the required memorandum of law citing supporting authorities. Consequently, it should be denied.

## CONCLUSION

The seizure warrants obtained by the United States were properly issued under the law. The emergency petition filed by defendant Larry Crenshaw lacks merit, fails to include a memorandum of law with supporting authorities and should be denied. Joyce Lark and Star Choice's petition is untimely. The vehicles should remain seized.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
WILLIAM H. BECKERLEG, JR.
Assistant United States Attorney
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 356-7314, ext. 3614
FAX: (954) 356-7180
Fla. Bar No. A5500074

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the above and foregoing was faxed and mailed this 26th day of March, 2001, to Paul D. Lazarus, Esq., 800 Brickell Avenue, PH-2, Miami, FL 33131-2944 at FAX No. (305) 358-4010.

_____
WILLIAM H. BECKERLEG, JR.
Assistant U.S. Attorney

3